IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RICHARD NICK VALDEZ,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:07-CR-394 TS |

Defendant seeks to amend his Judgment and Commitment to have his federal sentence run partially concurrent with his now-discharged state sentence. The government does not oppose the Motion.

The facts are as follows: On May 24, 2007, Defendant was sentenced by a state court to 0 to 365 days for an unrelated charge.  On November 13, 2007, Defendant was sentenced by this Court to 77 months on a charge of bank robbery.  At the time of his federal sentence, Defendant was under primary state jurisdiction. The issue of a concurrent sentence with his prior state sentence was not addressed at Defendant's federal sentencing.  The state offense was not the same course of conduct as the federal offense.

1

Because he was in primary state custody, Defendant served his state sentence first. On January 28, 2008, there was a review hearing on Defendant's state sentence. At the review hearing, his sentence was converted to time served and he was transferred to federal custody.

Defendant moves to amend his federal Judgment and Commitment to have his federal sentence run concurrently with his already discharged state sentence. The government stipulates to the Motion.

The Court finds that it has no authority to amend the judgment as requested. To begin with, "[t]here is no provision, either in [the Sentencing Reform] Act or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged."[1]

Next, a "district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2] The present motion is neither a direct appeal, nor a § 2255 attack on his sentence. The only other judicial avenues to modify Defendant's sentence are through 18 U.S.C. § 3582(c), or Fed.

---

[1] *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).

[2] *United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

R. Crim. P. 36.[3]  Defendant does not cite either § 3582[4] or Rule 36 in his Motion to Amend Judgment.

Looking first to § 3582(c), it provides that "the court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances.[5]

> Section 3582(c) . . . provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[6]

The Court finds that Defendant fails to show that he is entitled to relief under § 3582(c) because he does not establish any of the three avenues through which the Court may modify his term of imprisonment once it has been imposed.  For example, Rule 35 provides for correcting sentence errors within seven days of sentencing and for reducing a sentence upon *the government's* motion based upon substantial assistance. Neither situation applies in the present case.

---

[3] *United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996) ("'Although § 3582(c) does not refer to Fed. R. Crim. P. 36, we discern no intent on the part of Congress to preclude a court from correcting' clerical mistakes and minor errors under Rule 36.") (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)).

[4] *See United States v. Leider*, 203 Fed. Appx. 226, 228-29 (10th Cir. 2006) (unpublished opinion) (denying defendant's "§ 3582 motion" to modify his sentence to credit his federal sentence for the time he served in state prison *before* his federal sentencing).

[5] 18 U.S.C. § 3582(c).

[6] *Blackwell*, 81 F.3d at 947-48 (citing and quoting at § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

Next, the Court considers Defendant's Motion under Rule 36.

Rule 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence.[7]

There is no clerical-type error alleged in the present case. Instead Defendant seeks a substantive modification of his sentence. Accordingly, Rule 36 does not apply.

The Court notes that while the Court cannot substantively amend Defendant's sentence at this time, the Bureau of Prisons (BOP) does sometimes make nunc pro tunc designations of the state facility for the service of the federal sentence—effectively making the state and federal sentences concurrent.[8] However, such a request must be addressed to the BOP in the first instance.  It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 23) is DENIED.

DATED   March 4, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Id.* at 949 (internal quotation omitted).

[8] *See, e.g. Fegans v. United States,* 506 F.3d 1101, 1104 (8th Cir. 2007) (collecting cases).